THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellee, vs. ALPHA PI OF PHI KAPPA SIGMA EDUCATIONAL ASSOCIATION OF THE UNIVERSITY OF CHICAGO, Appellant.

*Opinion filed June 22, 1927—Rehearing denied October 11, 1927.*

1. TAXES—*when property is exempt as belonging to beneficent and charitable organization.* To be exempt from taxation as belonging to a beneficent and charitable organization, within the meaning of paragraph 7 of section 2 of the Revenue act, property must be used exclusively for the benefit of an indefinite number of persons, either by assisting them to establish themselves for life, or by erecting and maintaining public buildings or works, or otherwise lessening the burdens of government or promoting the general welfare of the public.

2. SAME—*exemption statute must be construed strictly.* In determining whether property is exempt from taxation the statute providing for exemptions is to be construed strictly and doubtful considerations are to be resolved against the exemption.

3. SAME—*what determines whether property is exempt—burden of proof.* Whether property is exempt from taxation depends upon the facts pertaining to its use as shown in each individual case, and the burden of proof is on the party claiming the exemption provided by the statute.

4. SAME—*property of a college fraternity is not exempt from taxation as devoted to charitable use.* Although a college fraternity may exercise a good influence on the student body, relieve the university by providing rooming facilities for men and give financial assistance to its needy members, its property is not exempt from taxation under paragraph 7 of section 2 of the Revenue act on the ground that it is a beneficent and charitable organization.

5. CHARITIES—*what constitutes a public charity.* To constitute a public charity the benefit must not be conferred on certain and defined individuals but must be conferred on indefinite persons whose care and support would otherwise rest upon the public; but a charity may be public in its nature although its benefits are extended to members of one sex, the inhabitants of a particular city or the members of a certain organization.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

MONTGOMERY, HART & SMITH, (VICTOR C. MILLIKEN, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county against the property of appellant for taxes. The basis of the objection filed to the application of the county treasurer for judgment is that the property of appellant, which is a Greek Letter social fraternity, is used exclusively for charitable and educational purposes and not for profit.

Appellant claims exemption under paragraph 7 of section 2 of the Revenue act. (Cahill's Stat. 1925, p. 1998.) This section provides that the property referred to therein shall be exempt from taxation to the extent therein limited. The seventh clause exempts "all property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States, and all property of old people's homes when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit," etc.

The appellant chapter was organized in April, 1924, as an Illinois corporation not for pecuniary profit. Its object and purposes, as set out in its charter, are to provide a home in the city of Chicago for those students attending school in said city from time to time who are or become members of the Phi Kappa Sigma fraternity, at moderate cost to those able to pay and gratuitously to those unable to pay, with the free use of a library furnished and maintained in said home by the corporation, with officers

serving without compensation and without dividends or profit to any member of such corporation, with a purpose to promote the general moral, educational and social welfare of the students and their good fellowship, and to provide such of them as may be needy with financial and other assistance in case of sickness or distress, such benefits not, however, to include insurance or so-called sick benefits. The corporation has the right to receive contributions from outside sources for the aforesaid purposes, but no part thereof, or any of the property or income of the corporation, is permitted to inure to the benefit of any member, manager or official thereof. All aid is to be by voluntary contributions and not by fixed dues and assessments.

The by-laws of appellant re-state the objects set forth in the charter, and provide that any person of good character who is a member of Phi Kappa Sigma fraternity, who professes fidelity to its principles, who has contributed or promises to contribute money or property to the corporation for its corporate purposes and who agrees to sustain and promote the objects of the corporation, is eligible to membership. The duties of the officers are to keep themselves informed relative to the affairs and conduct of the members of the fraternity who attend the University of Chicago, to promote the moral and social welfare of such students and their good fellowship for educational purposes. The by-laws provide for a supervisor and certain committees, specifically providing for a committee on library and charity. An advisory committee is provided, composed of one member designated by the board of directors, one by the active chapter of the fraternity at the University of Chicago and the third by the faculty of the university. The by-laws further provide that no financial dividend or profit shall be permitted to inure to any officer, director or member of the corporation.

Appellant acquired the property in question by deed July 23, 1924. The record shows that it maintains a house

on the property, occupied by the members of the fraternity attending the University of Chicago. The house has three stories, the basement being used for heating and lodge or fraternity room, the first floor for lounge and libraries, the second and third floors for sleeping quarters and rooms for the members of the fraternity. Dining facilities are also provided. The front door is never locked and all students are welcome, but only members of the fraternity are allowed the privileges of the house or to reside therein. The property was acquired by appellant in part by donations from alumni members, the remainder being raised by means of a mortgage on the premises. The cost of operating and maintaining the property is borne partly by members of the fraternity attending the school and partly by donations from the alumni. The students bear approximately seventy per cent of the expense, the balance made up by donations. During 1925 the expenses exceeded the receipts about $1000. The record shows the cost of living, room and board to members of the fraternity to be less than for that furnished by the University of Chicago at its dormitories and dining rooms or at private homes and public dining halls. It is a part of the purposes of the fraternity to assist students who are members and who in their second or third year have met with financial difficulties. Appellant helps such students financially, carrying them through to graduation, expecting the return of the money but never demanding it or treating it as a debt. The University of Chicago is an educational institution organized not for profit and has numerous departments, among which is a divinity school. Divinity students are eligible to membership in the fraternity, and invariably the roster of the active fraternity contains names of divinity students. The University of Chicago has not facilities sufficient for housing its male students. Strict supervision is exercised by the university over the active chapter of the appellant.

That the property of a social Greek Letter fraternity similar in character to the appellant is not exempt on the ground that it is used exclusively for educational purposes is no longer open to consideration in this State. This court in *Knox College v. Board of Review,* 308 Ill. 160, settled that question, and no further discussion of that ground of objection need be had here. The question remains whether that part of section 2 of the Revenue act relating to the property of institutions of public charity, or institutions of beneficent and charitable organizations, applies here.

Property used exclusively "for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting and maintaining public buildings or works or otherwise lessening the burdens of government," has been held exempt under section 2 of the Revenue act. *Congregational Publishing Society v. Board of Review,* 290 Ill. 108; *Crerar v. Williams,* 145 id. 625; *Ould v. Washington Hospital for Foundlings,* 95 U. S. 303.

To constitute a public charity the benefit must not be conferred upon certain and defined individuals, but must be conferred on indefinite persons composing the public or some part of the public, but the indefinite class may be of one sex or the inhabitants of a particular city, town or county or the members of a particular religious or secular organization. (*Grand Lodge v. Board of Review,* 281 Ill. 480; 11 Corpus Juris, 338.) Where a charity operates on indefinite persons whose care and support would otherwise rest upon the public the effect is to afford relief from the public burden, and such charity is public in its nature though its benefits are extended to members of a certain organization. *Grand Lodge v. Board of Review, supra.*

In determining whether property is exempt from taxation the statute providing for exemptions is to be con-

326–37

strued strictly and doubtful considerations are to be resolved against the exemptions. Whether property is to be exempt depends upon the facts pertaining to its use as shown in each individual case, and the burden is on the party claiming the exemption provided by the statute. (*Knox College* v. *Board of Review, supra;* ,*People* v. *Deutsche Gemeinde,* 249 Ill. 132; *Monticello Female Seminary* v. *People,* 106 id. 398.) Appellant's property is not held and the chapter is not operated for pecuniary profit. The influence of appellant on those affected thereby is of wholesome benefit to them. That the purposes of such organizations in university life under proper direction assist their membership in establishing themselves in life and to come under the influence of education cannot be doubted. The practice of appellant of extending credit to those unable to otherwise complete their college courses is of a highly commendable character. These facts, however, do not constitute the appellant an institution of public charity nor a beneficent and charitable organization. The reason for exempting certain property from public taxes arises from the fact that such property, in its use for charitable purposes, tends to lessen the burdens of government and to affect the general welfare of the public. It is not urged that a college fraternity is a public charity, but the contention is that it is a beneficent and charitable organization. We are of the opinion, however, that the beneficent and charitable organizations contemplated in the Revenue act are those which tend, in their operation, to lessen the burdens of government. While the appellant exercises a good influence on the student body and relieves the university by providing rooming facilities for men, we are of the opinion that its property does not come within the provisions and intent of the Revenue act herein referred to.

Counsel have cited cases of other States where property of such organizations as appellant has been held exempt.

These cases either differ from the case at bar on the facts or the statutes are not similar to ours.

The county court did not err in overruling the objections, and the judgment will be affirmed.

*Judgment affirmed.*