STATE BOARD OF TAX COMMISSIONERS $v$. FT. WAYNE SPORT CLUB, INC.; ST. JOE ATHLETIC CLUB, INC.

[No. 767A27, 767A28. Filed June 19, 1969.]

*Theodore L. Sendak,* Attorney General, *Lloyd C. Hutchinson* and *James B. Droege,* Deputies Attorney General, for appellant State Board of Tax Commissioners.

*George Mallers,* County Attorney for Allen County Board of Review and its constituent members and for Walter H. Summers, as Allen County Auditor.

*Bonahoom, Cowen & McNellis* and *Ray S. Dale* of Fort Wayne, for Fort Wayne Sport Club, Inc. and St. Joe Athletic Club, Inc.

SULLIVAN, J.—These two appeals, while not consolidated for trial below or for decision in this court, were nevertheless argued at the same time. Since the causes are substantially identical on their facts and since they involve an identical question of law they are combined for decision in this opinion.

In Cause No. 767 A 27, appellee, Fort Wayne Sport Club, Inc., (hereinafter referred to as Sport Club) filed on February 14, 1964, in the office of the Auditor of Allen County, Indiana, an application for exemption from taxation of one hundred percent (100%) of its lands, lots, improvements, buildings and personal property. Said application states that the premises and personal property are used only for "Athletic activities—Membership meetings—Dances," but that income or receipts are derived from the use of the premises by reason of "Sale of merchandise to members only." Said Sport Club based its application upon the claim that the uses or purposes are educational and thus exempt under "Burns Indiana Statutes, Vol. 2, Part 2, Sec. 64-201, Sub-paragraph 4 (sic)."[1]

---

[1] Sub-paragraph 4 of the referenced section actually appears in Burns Indiana Statutes, Vol. 11, Part 3, and exempts: "Fourth. The personal

The Allen County Board of Review denied said application in its entirety and the Sport Club appealed to the State Board of Tax Commissioners which affirmed the Board of Review. Appellee Sport Club then sought judicial review as plaintiff in the Allen County Superior Court. Said appellee's complaint alleged its exempt status pursuant to Burns Indiana Statutes Anno., § 64-201, Clauses 5 and 11, upon the basis that the real estate "is used exclusively for educational, charitable and fraternal purposes * * *." Pursuant to Indiana Supreme Court Rule 1-7C, the trial court entered its findings of fact and conclusions of law in the Sport Club case, which, omitting its formal parts, reads as follows:

"This cause, having come on for trial and evidence having been submitted, argument of counsel heard and briefs filed, pursuant to Rule 1-7C of the Rules of the Supreme Court of Indiana, the Court now tenders and files this special Findings of Fact and Conclusions of Law, as follows:

"1. The Plaintiff, on the assessment date of March 1st and throughout the entire taxable year of 1964, was a corporation duly organized and under the laws of the State of Indiana, under the name of Fort Wayne Sport Club, Inc., it having been first incorporated in the year 1934, under the laws of the State of Indiana pertaining to the incorporation of not-for-profit corporations.

"2. On March 1, 1964, the Plaintiff was the owner of real estate, improvements and personal property located on its premises at 3102 Ardmore Avenue, in the city of Fort Wayne, Indiana, more particularly described as:

Part of the North Half, Northeast Quarter, Section 17, Township 30, Range 12, 4 acres in the County of Allen, State of Indiana.

"3. On February 14, 1964, the plaintiff filed in the office of the Auditor of Allen County, Indiana, Form 136, prescribed by the State Board of Tax Commissioners, claiming 100% exemption from taxation of its lands and lots, improvements and buildings, and personal property.

property and real estate of every manual labor school or of any technical high school, trade school or college incorporated within this state when used and actually occupied for the purpose for which such institution was incorporated; such real estate not to exceed eight hundred [800] acres in any one [1] county of this state."

"4. On July 17, 1964, the Allen County Board of Review denied plaintiff's claim for exemption in its entirety.

"5. On August 21, 1964, the plaintiff appealed the action of the Allen County Board of Review in denying its claim for exemption to the State Board of Tax Commissioners.

"6. On May 17, 1965, after having conducted a hearing thereon on January 13, 1965, the State Board of Tax Commissioners denied plaintiff's claim for exemption from taxation on all of its real property and personal property for which exemption has been claimed by it for the taxable year 1964.

"7. On June 15, 1965, plaintiff filed its Complaint with the Clerk of this Court and filed a notice thereof with the State Board of Tax Commissioners on June 16, 1965.

"8. The objects of the plaintiff as stated in Plaintiff's Exhibit 3 (its Constitution) are as follows:

Founding and purpose. The Fort Wayne Sport Club was founded on March 18, 1927, for the purpose of:

    a. Promotion of Soccer Football.

    b. Promotion of Light Physical Exercise and Body Culture

    c. Social recreation for its members.

"9. The function of the plaintiff club is mainly to promote Soccer. The club has a soccer team known as 'The Fort Wayne Senior Soccer Team' which is one of nine teams in a soccer league known as the Indian-Ohio Soccer League. Every Sunday there is either an in-town or out-of-town soccer game in which plaintiff's soccer team participates. The in-town soccer games are played on the property of the plaintiff. Plaintiff's facilities are also used to teach some light physical exercises, and on every Wednesday and Friday, a supervisor is there to teach young boys in the playing of Ping Pong and other indoor games which can be played on the Plaintiff's dance floor.

"CONCLUSIONS OF LAW

"1. The Court has jurisdiction of the parties in the subject matter of this action.

"2. The law is with the plaintiff, Fort Wayne Sport Club, Inc.

"3. The defendant, State Board of Tax Commissioners, arbitrarily, capriciously, and unlawfully has denied the plaintiff the exemption from taxation for the year 1964

payable in 1965 as provided by law of the following described real property:

Part of the North Half, Northeast quarter, Section 17, Township 39, Range 12, 4 acres, in the County of Allen, State of Indiana

and all of the personal property located therein owned by the plaintiff.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the determination of the State Board of Tax Commissioners be reversed, vacated, and set aside and declared null and void, and this Court does hereby remand the said cause of the State Board of Tax Commissioners and hereby further orders that said State Board of Tax Commissioners make a determination to conform with law by granting the exemption to the Fort Wayne Sport Club, Inc., in accordance with the terms of the application originally filed by the Fort Wayne Sport Club, Inc., and further orders that the following described real estate be exempt from taxation for the year 1964 payable in 1965:

Part of the North Half, Northeast Quarter, Section 17, Township 39, Range 12, 4 acres, in the County of Allen, State of Indiana

and all of the personal property located therein owned by the plaintiff.

"The Court further Orders, Adjudges and Decrees that the plaintiff recover of and from the defendant, the costs paid, laid out and expended by plaintiff."

In Cause No. 767 A 28, appellee, Saint Joe Athletic Club, Inc., of Fort Wayne, Allen County, Indiana, (hereinafter referred to as Athletic Club), filed with the Auditor of Allen County, Indiana, in May, 1964, an application for exemption from taxation of one hundred percent (100%) of its lands, lots, improvements, buildings and personal property. Said application did not indicate upon what basis the claim was made other than "Section 101-9 of the Internal Revenue Code."[2] The application merely states that the premises and personal property are solely devoted to use as an athletic club.

---

[2] The Internal Revenue Code section referred to by plaintiff was contained in the 1939 Code and was superseded by § 501(C)(7) of the 1954 Code, which section exempts clubs organized and operated exclusively for "pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private share holder."

It does not state nor indicate that the use or purpose is charitable, educational, literary or scientific. The Allen County Board of Review denied said application in its entirety and the Athletic Club appealed to the State Board of Tax Commissioners which affirmed the Board of Review. Appellee, Athletic Club, then sought judicial review as plaintiff in the Allen County Superior Court. Said appellee's complaint alleged its exempt status pursuant to Burns Indiana Statutes Anno., § 64-201, Clauses 5 and 11, upon the basis that the real estate "is used exclusively for educational, charitable and fraternal purposes * * *." The trial court reversed the State Board of Tax Commissioners holding that the exemption should have been granted in its entirety. Pursuant to Indiana Supreme Court Rule 1-7C, the court entered its findings of fact and conclusions of law in the Athletic Club case which, omitting its formal parts, reads as follows:

"This cause, having come on for trial and evidence having been submitted, argument of counsel heard and briefs filed, pursuant to Rule 1-7C of the Rules of the Supreme Court of Indiana, the Court now tenders and files this special Findings of Fact and Conclusions of Law, as follows:

"1. The Plaintiff, on the assessment date of March 1st and throughout the entire taxable year of 1964 was a corporation duly organized under the laws of the State of Indiana under the name of Saint Joe Athletic Club, Inc., it having been first incorporated in the year 1931 under the laws of the State of Indiana pertaining to the incorporation of not-for-profit corporations.

"2. On March 1, 1964, the Plaintiff was the owner of real estate, improvements and personal property located on its premises at 817 Anderson Avenue in the City of Fort Wayne, Indiana, more particularly described as:

Lots 27, 29, 30 and 31 in Fairview Place Addition, Allen County, Indiana.

"3. On the 11th day of May, 1964, the Plaintiff filed in the office of the Auditor of Allen County, Indiana, Form 136, prescribed by the State Board of Tax Commissioners, claiming 100% exemption from taxation of its lands and lots, improvements and buildings, and personal property.

"4. An July 28, 1964, the Allen County Board of Review denied the Plaintiff's claim for exemption in its entirety.

"5. On August 13, 1964, the Plaintiff appealed the action of the Allen County Board of Review in denying its claim for exemption to the State Board of Tax Commissioners.

"6. On May 17, 1965, after having conducted a hearing thereon on January 11, 1965, the State Board of Tax Commissioners denied plaintiff's claim for exemption from taxation on all of its real property and personal property for which exemption had been claimed by it for the taxable year 1964.

"7. On June 15, 1965, Plaintiff filed its Complaint with the Clerk of this Court and filed a notice thereof with the State Board of Tax Commissioners on June 16, 1965.

"8. Plaintiff's property consists of land of no more than one-half acre on which is situated a building approximately 30 feet long and 25 feet wide, consisting of a ground level floor and a downstairs. The downstairs consists mainly of a social room containing a bar, pinball machines, tables and chairs and a few lockers. The ground level floor consists of one small room and one large room formerly used as a gymnasium.

"9. The objects of the plaintiff as stated in Plaintiff's Exhibit B (its Constitution and By-laws) are as follows:

'OBJECTS of the St. Joe Athletic Club

The objects of this association or club is (sic) for the pursuit of athletic sports, entertainment and pleasure, and not for pecuniary benefit to its members; to own and hold real estate for the purpose of maintaining a club house or the same, and also for other necessary buildings, and for club grounds and appurtenances thereon sufficient for the Club's needs; also to furnish such club house and rooms and other buildings, as they are needed, with proper fittings for the club's use, and to carry out Its Objects, subject to the club's articles of incorporation.'

## "CONCLUSIONS OF LAW

"1. The Court has jurisdiction of the parties in the subject matter of this action.

"2. The law is with the Plaintiff, Saint Joe Athletic Club, Inc.

"3. The Defendant, State Board of Tax Commissioners, arbitrarily, capriciously, and unlawfully has denied the

Plaintiff the exemption from taxation for the year 1964 payable in 1965, as provided by law of the following described real property:

> Lots 27, 29, 30 and 31, Fairview Addition, Allen County, Indiana

and all of the personal property located therein owned by the Plaintiff.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the determination of the State Board of Tax Commissioners be reversed, vacated, and set aside and declared null and void, and this Court does hereby remand the said cause of the State Board of Tax Commissioners and hereby further orders that said State Board of Tax Commissioners make a determination to conform with law by granting the exemption to the Saint Joe Athletic Club, Inc., in accordance with the terms of the application originally filed by the Saint Joe Athletic Club, Inc., and further orders that the following described real estate be exempt from taxation for the year 1964 payable in 1965:

> Lots 27, 29, 30 and 31 in Fairview Place Addition, Allen County, Indiana

and all of the personal property located therein.

"The Court further ORDERS, ADJUDGES AND DECREES that the Plaintiff recover of and from the Defendant, the costs paid, laid out and expended by plaintiff."

Appellants, in each cause, filed their motion for new trial, the overruling of which is assigned as error in these two appeals. In essence, said motions for new trial asserted that the respective findings, conclusions and decisions were not sustained by sufficient evidence, and were contrary to law.

The general taxing authority of the State of Indiana is set forth in Article 10, § 1 of the Indiana Constitution as follows:

> "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

Pursuant to the exempting authority so conferred the legislature enacted Acts 1919, ch. 59, § 5, as amended, and as found

in Burns' (1968 Supp.), § 64-201, the pertinent provisions of which read as follows:

"The following property shall be exempt from taxation:

\* \* \*

"Fifth. Every building, or part thereof, used and set apart for educational [,] literary, scientific, religious or charitable purposes by any institution or by any individual or individuals, association or corporation, provided the same is owned and actually occupied by the institution, individual, association or corporation using it for such purpose or purposes, and every building owned and occupied, used and set apart, for educational, literary, scientific, fraternal or charitable purposes by any town, township, city or county, and the tract of land on which such buildings is situate, including the campus and athletic grounds of any educational institution not exceeding fifty [50] acres; also the lands purchased with the bona fide intention of erecting buildings for such use thereon, not exceeding forty [40] acres; also the personal property, endowment funds, and interest thereon, belonging to any such institution or any town, township, city or county and connected with, used or set apart for any of the purposes aforesaid.

\* \* \*

"Eleventh. All the personal property of any fraternal beneficiary association, incorporated, organized or licensed under the laws of this state, and all the real estate of any such association, except that real estate or part thereof not actually occupied and used exclusively by such association in carrying out the purposes for which it was incorporated, organized or licensed."

Because both appellees necessarily claim exemption under these tax exemption provisions it was necessary, in order to sustain their respective exemption claims, for the trial court to specifically find as an ultimate fact, in each case, either (1) that the appellee's property was used and set apart for one or more of the five statutory purposes exempted from taxation by clause Fifth of the statute, or (2) that appellee is a fraternal beneficiary association incorporated, organized, or licensed under the laws of this state as countenanced by clause Eleventh of said statute. The trial

court failed to make a finding of any such ultimate fact in either case.

Prior to 1958, special findings of fact were required to contain all facts necessary to a successful recovery by the party in whose favor the conclusions of law were stated. Failure to do so resulted in a reversal of the trial court's judgment. *McClellan* v. *Tobin* (1942), 219 Ind. 563, 39 N. E. 2d 772; *Evansville Veneer & Lumber Co.* v. *Claybon* (1947), 117 Ind. App. 499, 73 N. E. 2d 698. In 1958, however, Rule 2-30 was adopted by the Indiana Supreme Court which reads as follows:

> "When special findings of fact are made in an action tried by the court without a jury and the court fails to find on some material issue of fact, on appeal from the judgment the reviewing Court may either affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact. Adopted October 15, 1957. Effective January 1, 1958."

In these appeals, it is impossible to state that the judgments or either of them are supported by undisputed evidence for it is unknown and unapparent what ultimate fact, if any, the trial court incorporated in its judgments. We have no finding of an essential ultimate fact by which to gauge the probative weight of the evidence in either cause.

The judgments of the court below are therefore vacated and set aside and the causes are remanded for findings upon the material ultimate facts, such findings to be filed with the Clerk of this Court within ninety days from the date of this opinion.

Upon the filing of such findings the respective appeals will stand for determination upon the merits without further briefing unless so ordered.

Causes remanded with instructions.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 372.