STATE BD. OF TAX COMMRS. ET AL. *v.* FT. WAYNE SPORT
CLUB, INC.

STATE BD. OF TAX COMMRS. ET AL. *v.* ST. JOE ATHLETIC
CLUB, INC.

[No. 767A27, 767A28. Filed June 3, 1970.]

*Theodore L. Sendak,* Attorney General, *Lloyd C. Hutchinson* and *James B. Droege,* Deputies Attorney General, *George Mallers,* of Ft. Wayne, for appellants.

*Bonahoom, Cowen & McNellis, Roy S. Dale,* of Fort Wayne, for appellees.

SULLIVAN, J.—As we pointed out in an earlier procedural treatment of these cases reported June 19, 1969, 145 Ind. App. 1, 248 N. E. 2d 372, the two appeals while not consolidated for trial below or for decision in this court, were nevertheless argued at the same time. Since the causes are substantially identical on their facts and since they involve identical questions of law, they are combined for decision in this opinion. We do so in order to not unduly burden the official and unofficial case reports with needless repetition and verbiage. In a similar desire to achieve clarity, we can perhaps best delineate the procedural background and the statement of facts substantially as done in that earlier opinion. We, therefore, merely restate here our earlier recitation.

In Cause No. 767 A 27, appellee, Fort Wayne Sport Club, Inc. (hereinafter referred to as Sport Club) filed on February 14, 1964, in the office of the Auditor of Allen County, Indiana, an application for exemption from taxation of one hundred percent (100%) of its lands, lots, improvements, buildings and personal property. Said application states that the premises and personal property are used only for "Athletic activities-Membership meetings-Dances", but that income or receipts are derived from the use of the premises by reason of "Sale of merchandise to members only". Said Sport Club based its application upon the claim that the uses or purposes are educational and thus exempt under "Burns Indiana Statutes, Vol. 2, Part 2, Sec. 64-201, Sub-paragraph 4 (sic)."[1]

---

1. Sub-paragraph 4 of the referenced section actually appears in Burns' Indiana Statutes, Vol. 11, Part 3, and exempts: "Fourth. The personal property and real estate of every manual labor school or of any technical high school, trade school or college incorporated within this

The Allen County Board of Review denied said application in its entirety and the Sport Club appealed to the State Board of Tax Commissioners which affirmed the Board of Review. Appellee Sport Club then sought judicial review as plaintiff in the Allen County Superior Court. Said appellee's complaint alleged its exempt status pursuant to Burns' Indiana Statutes Anno., § 64-201, Clauses 5 and 11, upon the basis that the real estate "is used exclusively for educational, charitable and fraternal purposes * * *". Pursuant to Indiana Supreme Court Rule 1-7C, the trial court entered its findings of fact and conclusions of law in the Sport Club case which, omitting its formal parts, reads as follows:

"This cause, having come on for trial and evidence having been submitted, argument of counsel heard and briefs filed, pursuant to Rule 1-7C of the Rules of the Supreme Court of Indiana, the Court now tenders and files this special Findings of Fact and Conclusions of Law, as follows:

"1. The Plaintiff, on the assessment date of March 1st and throughout the entire taxable year of 1964, was a corporation duly organized and under the laws of the State of Indiana, under the name of Fort Wayne Sport Club, Inc., it having been first incorporated in the year 1934, under the laws of the State of Indiana pertaining to the incorporation of not-for-profit corporations.

"2. On March 1, 1964, the Plaintiff was the owner of real estate, improvements and personal properly located on its premises at 3102 Ardmore Avenue, in the city of Fort Wayne, Indiana, more particularly described as:

Part of the North Half, Northeast Quarter, Section 17, Township 30, Range 12, 4 acres in the County of Allen, State of Indiana.

"3. On February 14, 1964, the Plaintiff filed in the office of the Auditor of Allen County, Indiana, Form 136, prescribed by the State Board of Tax Commissioners, claiming 100% exemption from taxation of its lands and lots, improvements and buildings, and personal property.

"4. On July 17, 1964, the Allen County Board of Review denied plaintiff's claim for exemption in its entirety.

state when used and actually occupied for the purpose for which such institution was incorporated; such real estate not to exceed eight hundred [800] acres in any one [1] county of this state."

"5.  On August 21, 1964, the plaintiff appealed the action of the Allen County Board of Review in denying its claim for exemption to the State Board of Tax Commissioners.

"6.  On May 17, 1965, after having conducted a hearing thereon on January 13, 1965, the State Board of Tax Commissioners denied plaintiff's claim for exemption from taxation on all of its real property and personal property for which exemption has been claimed by it for the taxable year 1964.

"7.  On June 15, 1965, plaintiff filed its Complaint with the Clerk of this Court and filed a notice thereof with the State Board of Tax Commissioners on June 16, 1965.

"8.  The objects of the plaintiff as stated in plaintiff's Exhibit 3 (its Constitution) are as follows:

'Founding and purpose. The Fort Wayne Sport Club was founded on March 18, 1927, for the purpose of:

 a.  Promotion of Soccer Football.
 b.  Promotion of Light Physical Exercise and Body Culture.
 c.  Social recreation for its members.'

"9.  The function of the plaintiff club is mainly to promote Soccer. The club has a soccer team known as 'The Fort Wayne Senior Soccer Team' which is one of nine teams in a soccer league known as the Indiana-Ohio Soccer League. Every Sunday there is either an in-town or out-of-town soccer game in which plaintiff's soccer team participates. The in-town soccer games are played on the property of the plaintiff. Plaintiff's facilities are also used to teach some light physical exercises, and on every Wednesday and Friday, a supervisor is there to teach young boys in the playing of Ping Pong and other indoor games which can be played on the Plaintiff's dance floor.

## "CONCLUSIONS OF LAW

"1.  The Court has jurisdiction of the parties in the subject matter of this action.

"2.  The law is with the plaintiff, Fort Wayne Sport Club, Inc.

"3.  The defendant, State Board of Tax Commissioners, arbitrarily, capriciously, and unlawfully has denied the plaintiff the exemption from taxation for the year 1964 payable in 1965 as provided by law of the following described real property:

Part of the North Half, Northeast quarter, Section 17, Township 39, Range 12, 4 acres, in the County of Allen, State of Indiana

and all of the personal property located therein owned by the plaintiff.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the determination of the State Board of Tax Commissioners be reversed, vacated, and set aside and declared null and void, and this Court does hereby remand the said cause of the State Board of Tax Commissioners and hereby further orders that said State Board of Tax Commissioners make a determination to conform with law by granting the exemption to the Fort Wayne Sport Club, Inc., in accordance with the terms of the application originally filed by the Fort Wayne Sport Club, Inc., and further orders that the following described real estate be exempt from taxation for the year 1964 payable in 1965:

Part of the North Half, Northeast Quarter, Section 17, Township 39, Range 12, 4 acres in the County of Allen, State of Indiana

and all of the personal property located therein owned by the plaintiff.

"The Court further Orders, Adjudges and Decrees that the plaintiff recover of and from the defendant, the costs paid, laid out and expended by plaintiff."

In Cause No. 767 A 28, appellee, Saint Joe Athletic Club, Inc. of Fort Wayne, Allen County, Indiana, (hereinafter referred to as Athletic Club), filed with the Auditor of Allen County, Indiana, in May, 1964, an application for exemption from taxation of one hundred percent (100%) of its lands, lots, improvements, buildings and personal property. Said application did not indicate upon what basis the claim was made other than "Section 101-9 of the Internal Revenue Code."[2] The application merely states that the premises and personal property are solely devoted to use as an athletic club.

---

2. The Internal Revenue Code referred to by plaintiff was contained in the 1939 Code and was superseded by § 501(C)(7) of the 1954 Code, which section exempts clubs organized and operated exclusively for "pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private share holder."

It does not state nor indicate that the use or purpose is charitable, educational, literary or scientific. The Allen County Board of Review denied said application in its entirety and the Athletic Club appealed to the State Board of Tax Commissioners which affirmed the Board of Review. Appellee, Athletic Club, then sought judicial review as plaintiff in the Allen County Superior Court. Said appellee's complaint alleged its exempt status pursuant to Burns Indiana Statutes Anno., § 64-201, Clauses 5 and 11, upon the basis that the real estate "is used exclusively for educational, charitable and fraternal purposes * * * ." The trial court reversed the State Board of Tax Commissioners holding that the exemption should have been granted in its entirety. Pursuant to Indiana Supreme Court Rule 1-7C, the court entered its findings of fact and conclusions of law in the Athletic Club case which, omitting its formal parts, reads as follows:

"This Cause, having come on for trial and evidence having been submitted, argument of counsel heard and briefs filed, pursuant to Rule 1-7C of the Rules of the Supreme Court of Indiana, the Court now tenders and files this special Findings of Fact and conclusions of Law, as follows:

"1.   The Plaintiff, on the assessment date of March 1st and throughout the entire taxable year of 1964 was a corporation duly organized under the laws of the State of Indiana under the name of Saint Joe Athletic Club, Inc., it having been first incorporated in the year 1931 under the laws of the State of Indiana pertaining to the incorporation of not-for-profit corporations.

"2.   On March 1, 1964, the Plaintiff was the owner of real estate, improvements and personal property located on its premises at 817 Anderson Avenue in the City of Fort. Wayne, Indiana, more particularly described as:

Lots 27, 29, 30 and 31 in Fairview Place Addition, Allen County, Indiana.

"3.   On the 11th day of May, 1964, the Plaintiff filed in the office of the Auditor of Allen County, Indiana, Form 136, prescribed by the State Board of Tax Commissioners, claiming 100% exemption from taxation of its lands and lots, improvements and buildings, and personal property.

"4.   On July 28, 1964, the Allen County Board of Review denied the Plaintiff's claim for exemption in its entirety.

"5. On August 13, 1964, the Plaintiff appealed the action of the Allen County Board of Review in denying its claim for exemption to the State Board of Tax Commissioners.

"6. On May 17, 1965, after having conducted a hearing thereon on January 11, 1965, the State Board of Tax Commissioners denied plaintiff's claim for exemption from taxation on all of its real property and personal property for which exemption had been claimed by it for the taxable year 1964.

"7. On June 15, 1965, Plaintiff filed its Complaint with the Clerk of this Court and filed a notice thereof with the State Board of Tax Commissioners on June 16, 1965.

"8. Plaintiff's property consists of land of no more than one-half acre on which is situated a building approximately 30 feet long and 25 feet wide, consisting of a ground level floor and a downstairs. The downstairs consists mainly of a social room containing a bar, pinball machines, tables and chairs and a few lockers. The ground level floor consists of one small room and one large room formerly used as a gymnasium.

"9. The objects of the plaintiff as stated in Plaintiff's Exhibit B (its Constitution and By-laws) are as follows:

'OBJECTS of the St. Joe Athletic Club

The objects of this association or club is (sic) for the pursuit of athletic sports, entertainment and pleasure, and not for pecuniary benefit to its members; to own and hold real estate for the purpose of maintaining a club house or the same, and also for other necessary buildings, and for club grounds and appurtenances thereon sufficient for the Club's needs; also to furnish such club house and rooms and other buildings, as they are needed, with proper fittings for the club's use, and to carry out Its Objects, subject to the club's articles of incorporation.'

"CONCLUSIONS OF LAW

"1. The Court has jurisdiction of the parties in the subject matter of this action.

"2. The law is with the Plaintiff, Saint Joe Athletic Club, Inc.

"3. The Defendant, State Board of Tax Commissioners, arbitrarily, capriciously, and unlawfully has denied the Plaintiff the exemption from taxation for the year 1964 payable in 1965, as provided by law of the following described real property:

Lots 27, 29, 30 and 31, Fairview Place Addition, Allen County, Indiana and all of the personal property located therein owned by the Plaintiff.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the determination of the State Board of Tax Commissioners be reversed, vacated, and set aside and declared null and void, and this Court does hereby remand the said cause of the State Board of Tax Commissioners and hereby further orders that said State Board of Tax Commissioners make a determination to conform with law by granting the exemption to the Saint Joe Athletic Club, Inc., in accordance with the terms of the application originally filed by the Saint Joe Athletic Club, Inc., and further orders that the following described real estate be exempt from taxation for the year 1964 payable in 1965:

Lots 27, 29, 30 and 31 in Fairview Place Addition, Allen County Indiana

and all of the personal property located therein.

"The Court further ORDERS, ADJUDGES AND DECREES that the Plaintiff recover of and from the Defendant, the costs paid, laid out and expended by plaintiff."

Appellants, in each cause, filed their motion for new trial, the overruling of which is assigned as error in these two appeals. In essence, said motions for new trial asserted that the respective findings, conclusions and decisions were not sustained by sufficient evidence, and were contrary to law.

Subsequent to our remand opinion as earlier reported in which we ordered the trial court to make a finding of ultimate fact concerning the basis upon which the trial judge sustained the exemption claimed by both appellees here, that court timely filed its additional finding as follows:

"In compliance with the decision of the Appellate Court of Indiana in these causes, the Superior Court of Allen County now files with the Appellate Court its ultimate findings of fact upon which this Court specifically finds that the St. Joe Athletic Club and the Fort Wayne Sport Club were and still are fraternal beneficiary associations qualified for tax exemption under Clause Eleven of Burns Indiana Statute Annotated, 1968 Supp., Section 64-201.

"Furthermore, the Court now specifically finds that both the St. Joe Athletic Club and the Fort Wayne Sport Club

qualify for tax exemption under Clause Five of Burns Indiana Statute Annotated, 1968 Supp., Section 64-201, as being an institution whose buildings are used for educational purposes."

## CLAIM OF "CHARITABLE PURPOSES"
## NOT CONSIDERED

There is no finding or conclusion by the court below that the property either of the Sport Club or of the Athletic Club is exempt as used for "charitable purposes". We, therefore, do not consider such contention or claim as made by the respective appellees in their petitions except insofar as the exemption claimed for a fraternal beneficiary association is deemed charitable.

If the land and improvements of either appellee is used for educational purposes or if either such entity is a "fraternal beneficiary association" the judgment of the court below as to that appellee is correct and must be affirmed.

## NEITHER APPELLEE QUALIFIES AS A
## "FRATERNAL BENEFICIARY ASSOCIATION"

Quite clearly, neither Ft. Wayne Sport Club nor St. Joe Athletic Club are fraternal beneficiary associations. The term "fraternal beneficiary association" in Indiana has a very limited and definitive meaning. Such associations are statutorily declared to be charitable and benevolent institutions and are exempt from taxes upon their properties except as to real estate not occupied by the association in carrying on its business. Acts 1935, ch. 162, § 198, as found in Ind. Anno. Stat. § 39-4418 (Burns' 1965 Repl.). To the same effect, except that the use of the real estate must be *exclusive* for the particular purpose, is the tax exemption statute herein considered, being Acts 1919, ch. 59, § 5, as amended and as found in Ind. Anno. Stat. § 64-201 (Eleventh) (Burns' 1969 Cum. Supp.) Said exemption is very clearly limited to such association as that term is defined in the 1935

Act at § 181 thereof, being Ind. Stat. Anno. § 39-4401 (b), and which reads as follows:

"(b) The term 'fraternal benefit society' or 'fraternal beneficiary association' shall mean any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit and having a lodge system and representative form of government, and which shall make provision for the payment of [death] benefits in accordance with this act."[1]

It is apparent, therefore, that in order to qualify as a fraternal beneficiary association, the particular entity making such claim must comply with each of the six statutory requisites set forth in the definition above-quoted.

It is equally apparent that the findings and conclusions of the trial court are totally silent concerning said requirements and there is a total absence of evidence from which even an inference could be drawn that either the Sport Club or Athletic Club meets *any*, let alone *all*, of said statutory requirements. The trial court's finding of ultimate fact that appellees are fraternal beneficiary associations is, therefore, absolute speculation wholly unsupported by the record. We, therefore, reject and hold as contrary to law such finding and conclusion.

## THE PROPERTY OF NEITHER APPELLEE IS USED FOR EDUCATIONAL PURPOSES WITHIN MEANING OF THE TAX EXEMPTION STATUTE

Whether the land use purposes of appellees or either of them are educational in nature requires a determination some-

---

1. Unlike the true fraternal association involved in *Indianapolis Elks Building Corp.* v. *State Board of Tax Commissioners* (1969), 145 Ind. App. 522, 251 N.E. 2d 673, appellees here make no claim of exemption pursuant to Acts 1953, ch. 279, § 5, as amended and found in Ind. Anno. Stat. § 25-1544, (Burns' 1969 Supp.), which exempts property held for the regular occupancy and use of the "fraternal organization", nor did the trial court here grant an exemption upon the authority of such statute. In any event, the exemption authorized by Burns' 25-1544, *supra*, is limited by the purposes provision of Burns' 64-201, *supra*.

what less obvious and more difficult to make than that concerning fraternal beneficiary associations. It must be first stated that as a general proposition, it is the policy of the State to subject all private property to taxation. Exemption statutes are, therefore, strictly construed. *Indianapolis* v. *Grand Master* (1865), 25 Ind. 518. It is to be further noted that it is the "dominant use" of the property which determines whether such property is tax exempt. *Indianapolis Elks Building Corp.* v. *State Board of Tax Commissioners* (1969), 145 Ind. App. 522, 251 N. E. 2d 673.

This Court well recognizes that matters of education are not restricted to academic curricula or to ivy covered halls. As accurately noted in *In re Petty* (1950), 241 Iowa 506, 41 N. W. 2d 672 at 675:

> "In the case of New Britain Trust Co. v. Stoddard, 120 Conn. 123, 179 A. 642, 643, education is defined as a broad and comprehensive term with a variable and indefinite meaning, and in its broadest significance comprehends the acquisition of all knowledge tending to develop and train the individual. ' "Education" is a broad term, and includes all knowledge, if we take it in its full, and not in its legal or popular, sense. Whatever we learn by observation, by conversation, or by other means, away from what has been implanted by nature, is education. In fact, everything not known intuitively and instinctively is education, * * *.' *Cook* v. *State*, 90 Tenn. 407, 16 S. W. 471, 472, 13 L.R.A. 183. Education has also been defined in the case of *Mount Herman Boys' School* v. *Town of Gill*, 145 Mass. 139, 146, 13 N. E. 354, 357, as 'a broad and comprehensive term. It has been defined as "the process of developing and training the powers and capabilities of human beings." To educate, according to one of Webster's definitions, is "to prepare and fit for any calling or business, or for activity and usefulness in life." Education may be particularly directed to either the mental, moral, or physical powers and faculties, but in its broadest and its best sense it relates to them all. * * *' "

Thus, it can be said that each family residence is ideally a place of true education concerning matters of morals, esthetics, the intellect, physical well being, and in fact, all facets of

human experience and capacity. No rational contention, however, can be made that such private homes are thereby made tax exempt.

We must necessarily adopt a more restrictive definition of "educational purposes", as concerns tax exemptions, than may be appropriate within other frames of reference. In our view, the well-established and obvious purpose for legislative conferral of tax exemptions requires a showing of some public benefit as a condition precedent to the granting of such exemption. See *State, on Inf. of Wear* v. *Businessmen's Athletic Club* (1914), 178 Mo. App. 548, 163 S. W. 901 at 908.

In *State Board of Tax Commissioners* v. *International Business College* (1969), 145 Ind. App. 353, 251 N. E. 2d 39, we adopted the following language from *National College of Business* v. *Pennington County* (1966), 82 S. D. 391, 146 N. W. 2d 731, in sustaining a tax exemption for educational purposes:

> "It is a matter of common knowledge that many of the subjects and much of the training provided by plaintiff is also provided in our tax supported institutions of higher learning and in some instances in our public high schools. To the extent that plaintiff's facilities are availed of, the state is relieved of its financial obligation to furnish such instruction. It seems to us that the statutory exemption from taxation provided for * * * is available to those private institutions which provide at least some substantial part of the educational training which would otherwise be furnished by our tax supported schools. * * *"

We fail to detect from the record here any public benefit conferred by the use of appellee's property which would support tax exemptions. We fail to detect that the requisite dominant purpose of the use of the property here involved is educational. Rather, it clearly appears that the dominant uses and purposes are social and privately recreational. Any educational benefits derived from appellee's operations are merely incidental. The record supports our

conclusion in this respect. Sport Club's application for exemption clearly stated that its premises was used only for athletic activities, membership meetings and dances. The Athletic Club's application stated merely that the premises was devoted solely to use as an athletic club. The trial court's findings in neither cause below lends any additional support to a claim of true educational purpose. (See specifically Findings of Fact 8 and 9 in each cause as hereinbefore set forth.)

Neither can we say that appellees' property use and purposes qualify either the Sport Club or the Athletic Club for exemption upon any other basis.

In *Hazen* v. *National Rifle Ass'n of America* (D.C. Cir. 1938), 101 F. 2d 432, 436, it was stated that:

> "Assuming, therefore, solely for the purpose of argument, that the allegation concerning educational use is a conclusion of fact; reading it in connection with the particular allegations of objects and purposes; and giving to them all the most favorable possible interpretation under the authorities which define educational use, it is clear, in our view, that at most the educational phase of appellee's activities is incidental and collateral to the social, recreative, promotional and propaganda phases which constitute its major reasons for existence. It does not, therefore, in any real sense relieve the government of its burden of public education. * * *
>
> "For all these reasons, therefore, the necessity for governmental subsidy or immunity which is implicit in tax exemption — upon the theory that the government is relieved of its burdens — fails in the present case."

See also *National Rifle Ass'n of America* v. *Young* (D.C. Cir. 1943), 134 F. 2d 524; *Turnverein "Lincoln"* v. *Board of Appeals* (1934), 358 Ill. 135, 192 N. E. 780; *People ex rel. Carr* v. *Alpha Pi* (1927), 326 Ill. 573, 158 N. E. 213. Compare *Bohemian Gymnastic Ass'n Sokol of City of New York* v. *Higgins* (2d Cir. 1945), 147 F. 2d 774.

We accordingly find and hold that the decision and judgment of the trial court below in each cause here considered was erroneous and contrary to law. We, therefore, reverse

each such decision and judgment and remand the causes with instructions to enter judgment in favor of appellants. The costs of the respective appeals are hereby assessed against the appellees in each said cause.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 874.