NATIONAL ASSOCIATION OF
MINIATURE ENTHUSIASTS,
Petitioner,

v.

STATE BOARD OF TAX COMMISSION-
ERS, Peggy Boehm, Chairman, Wanda
K. Watts, Member, Gordon E. McIntyre,
Member, Respondents.

No. 49T10–9507–TA–00061.

Tax Court of Indiana.

Sept. 18, 1996.

Joseph D. Geeslin Jr., Indianapolis, for Petitioner.

Pamela Carter, Attorney General of Indiana, and Ted J. Holaday, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

The National Association of Miniature Enthusiasts (NAME) appeals a final determination of the State Board of Tax Commissioners (State Board) assessing NAME's real and personal property for the March 31, 1992, assessment date.

## FACTS AND PROCEDURAL HISTORY

NAME owns real and personal property in Clay Township, Hamilton County, Indiana. In May 1992, NAME applied for a charitable exemption pursuant to IND. CODE ANN. § 6–1.1–10–16 (1996). The Hamilton County Board of Review denied the exemption on June 30, 1992. NAME appealed to the State Board which held a hearing on July 14, 1994. The State Board issued an order and written findings on May 26, 1995, declaring NAME's real and personal property to be one hundred percent (100%) subject to taxation.[1] NAME appealed the State Board's ruling through an original tax appeal and is now before this court on its motion for summary judgment. Additional facts will be supplied below.

## ISSUE

Whether NAME is entitled to an exemption from property taxation as a charitable or educational organization under IND. CODE ANN. § 6–1.1–10–16 (1996).

## STANDARD OF REVIEW

■ The court will grant a motion for summary judgment "only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law." *Encyclopaedia Britannica, Inc. v. State Bd. of Tax Comm'rs,* 663 N.E.2d 1230, 1232 (Ind. Tax 1996); IND. TRIAL RULE 56(C). "To promote the expeditious resolution of lawsuits and conserve judicial resources, [each party to a summary judgment motion must] designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993); IND. TRIAL RULE 56(C); *see also K & I Asphalt, Inc. v. Indiana Dep't of State Revenue,* 638 N.E.2d 901, 902 (Ind.Tax 1994). It is insufficient to rely without specificity on the entire assembled record to fend off or support a motion for summary judgment. *Indiana Waste Systems of Indiana, Inc. v. Indiana Dep't of State Revenue,* 633 N.E.2d 359, 362 (Ind.Tax 1994).

■ On a motion for summary judgment, the movant must affirmatively show through designated evidence that (1) there is no genuine issue as to any material fact and (2) they are entitled to judgment as a matter of law. IND. TRIAL RULE 56(C). In determining whether a genuine issue of material fact exists, the court accepts as true all facts set forth by the non-moving party, resolves all doubts against the moving party, and construes all properly asserted facts and reasonable inferences in favor of the non-movant. *Maynard v. 84 Lumber Co.,* 657 N.E.2d 406, 408 (Ind.App.1995); *Hacienda Mexican Restaurant of Kalamazoo Corp. v. Hacienda Franchise Group, Inc.,* 641 N.E.2d 1036, 1041 (Ind.App.1994). If after reviewing the designated evidentiary materials, the court determines no genuine issue of material fact exists and a party is entitled to judgment as a matter of law, summary judgment may be granted to either the movant or the non-movant. *Encyclopaedia,* 663 N.E.2d at 1232; *K & I Asphalt,* 638 N.E.2d at 903.

---

1. NAME's original application only requested a charitable exemption. The State Board examined whether NAME was exempt from property taxation under either the charitable or educational provision of IND. CODE ANN. § 6–1.1–10–16 (1996). Similarly, the parties in this case discuss and argue both the charitable and educational basis for exemption.

## FINDINGS OF FACT

■ This court may not consider facts that were not presented to the State Board. *Hi-Temp, Inc. of Decatur County v. State Bd. of Tax Comm'rs*, 645 N.E.2d 680, 682 (Ind.Tax 1995). In the instant case, the court finds the following facts to have been before the State Board.[2]

The property in question consists of a dwelling house, an outbuilding, the land upon which they sit, and personal property all located in Hamilton County. The dwelling house contains a museum, library, and administrative offices. NAME is a not-for-profit organization. NAME was granted a charitable exemption from Federal income tax under IRC § 501(c)(3) on June 5, 1991.

NAME is a trade association for the general public interested in miniatures. Its Articles of Incorporation declare NAME is "organized and shall be operated exclusively for charitable and educational purposes." *Articles of Incorp.* ¶ 3. The stated goals of NAME are to:

[1] stimulate and enhance the interest and understanding of the general public in the construction and collection of miniatures as historical and creative art forms ... [2] provide instruction and training to those members of the general public interested in miniature building and collections through publications, workshops, permanent and temporary exhibitions, programs, conferences and conventions ... [3] recognize outstanding achievement in the creation and promotion of miniatures as an art form ... [4] stimulate the exchange of information through the support of regional groups of persons interested in miniature building and collecting ... [and 5] develop a permanent collection and museum devoted to the art of miniature construction for the benefit of the general public.

Articles of Incorp. ¶ 3(1). The activities of NAME include publishing the *Miniature Gazette*, a quarterly periodical; sponsoring a national houseparty and three to four (3-4) regional houseparties each year; promoting local clubs; maintaining a permanent collection and museum at its headquarters; and conducting workshops on miniatures.

The first floor of the dwelling contains the museum and library. There is no charge for admission to the museum and library; however, they are open to the public only by making an appointment. Workshops on miniatures are also conducted on the first floor. The entire second floor functions as the national headquarters of NAME. NAME employs four (4) persons to publish the *Miniature Gazette* and regional newsletters, plan and present houseparties, and support local clubs.

## DISCUSSION & ANALYSIS

■ Indiana subjects all tangible property to taxation. IND. CODE ANN. § 6–1.1–2–1 (1989); *see also State Bd. of Tax Comm'rs v. Fort Wayne Sport Club, Inc.*, 147 Ind.App. 129, 139, 258 N.E.2d 874, 881 (1970). Indiana provides property tax exemptions for certain types of property and for certain kinds of taxpayers. *See* IND. CODE ANN. § 6–1.1–1–6 (1989). "Generally, exemptions [from taxation] are granted when there is an expectation of a benefit which will inure to the public by reason of the exemption." *Foursquare Tabernacle Church of God in Christ v. State Bd. of Tax Comm'rs*, 550 N.E.2d 850, 854 (Ind.Tax 1990).

■ "Because an exemption releases property from the obligation of bearing its share of the cost of government and serves to disturb the equality and distribution of the common burden of government upon all property, an exemption from taxation is strictly construed" against the taxpayer and

---

**2.** On March 22, 1996, this court granted NAME's motion to strike the affidavits in evidence to the extent the affidavits did not state specific items of fact. "In order to be used in a summary judgment proceeding, an affidavit must be on personal knowledge, must set forth facts as would be admissible in evidence and must affirmatively show that the affiant is competent to testify as to the matters stated therein." *Sidney Rubin v. Doris Jean Johnson*, 550 N.E.2d 324, 327 (Ind. App.1990); IND. TRIAL RULE 56(E). "Mere assertion of conclusions of law or opinions in an affidavit will not suffice." *Id.* "All portions of an affidavit which cannot be said to have been clearly based on personal knowledge must be stricken." *Id.* Those portions of the affidavits in evidence which the court has accepted as factual are recited in this opinion.

in favor of the State. *St. Mary's Medical Center of Evansville, Inc. v. State of Indiana Bd. of Tax Comm'rs*, 534 N.E.2d 277, 280 (Ind.Tax 1989), *aff'd*, 571 N.E.2d 1247 (Ind. 1991). Moreover, the taxpayer bears the burden of proving it is entitled to an exemption. *Monarch Steel Co., Inc. v. State Bd. of Tax Comm'rs*, 611 N.E.2d 708, 714 (Ind.Tax 1993). In determining whether property qualifies for an exemption, the predominant and primary use of the property is controlling. *Fort Wayne Sport Club*, 147 Ind.App. at 139, 258 N.E.2d at 881; *Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs*, 145 Ind.App. 522, 532–33, 251 N.E.2d 673, 679 (Ind.App.1969).

■ A specific exemption is provided for property which is "owned, occupied, and used by a person for educational, . . . or charitable purposes." [3] IND. CODE ANN. § 6–1.1–10–16 (1996). As a condition precedent to being granted a tax exemption under the charitable or educational purpose clause, the taxpayer must demonstrate that it provides "a present benefit to the general public . . . sufficient to justify the loss of tax revenue." *St. Mary's Medical Center*, 534 N.E.2d at 279; *see also Fort Wayne Sport Club*, 147 Ind.App. at 140, 258 N.E.2d at 881.

NAME claims that its property qualifies for an exemption under the charitable or educational purpose clause of IND. CODE ANN. § 6–1.1–10–16 (1996). The State Board, on the other hand, contends that NAME is not entitled to such an exemption because "the predominant use of NAME's property is promoting miniature construction and collection as a recreational activity and hobby." *State Board Order and Written Findings* at 3.

## A. CHARITABLE EXEMPTION

■ To qualify for a charitable purpose exemption NAME must show "relief of human want . . . manifested by obviously charitable acts different from the everyday purposes and activities of man in general." *Indianapolis Elks*, 145 Ind.App. at 540, 251 N.E.2d at 683. In *Indianapolis Elks*, the

court found the Lodge to be fully taxable because the property was "used for drinking, eating, dancing, card games, swimming and general relaxation." *Id.* at 538, 251 N.E.2d at 682. The court agreed that the Lodge's facilities and activities suppressed human want and suffering but not to the degree which is required to qualify for a tax exemption. *Id.* The court held that even under the most lenient constitutional definition of charity, the Lodge was not entitled to the exemption because its dominant and primary purpose is social and recreation. *Id.* at 538–39, 251 N.E.2d at 682–83.

■ Operating a museum for the public and enhancing the public's knowledge about miniatures, while a noble endeavor, does not relieve human want and suffering. *See Indianapolis Elks Bldg.*, 145 Ind.App. at 538–39, 251 N.E.2d at 682–83. The facts most favorable to NAME reveal that its property contains a museum and library with space available for conducting workshops—all relating to miniatures. It was granted a charitable exemption from Federal income tax under IRC section 501(c)(3). NAME's Articles of Incorporation state that it is organized and shall be operated exclusively for charitable and educational purposes. Similarly, its Code of Regulations declare new members support the educational and charitable purposes of NAME. Yet, declaring itself a charity does not make NAME's activities and endeavors the sort the law recognizes as charitable and therefore entitled to tax exemption. *Id.* at 539, 251 N.E.2d at 683. The court finds NAME's activities do not satisfy the requirements for a charitable exemption.

## B. EDUCATIONAL EXEMPTION

■ To qualify for an educational purpose exemption, NAME must show that it "provide[s] at least some substantial part of the educational training which would otherwise be furnished by our tax supported schools." *Fort Wayne Sport Club*, 147 Ind.

3. IND. CODE ANN. § 6–1.1–10–16 (1996) further states that a tract of land is exempt from property taxation if "a building which is exempt

under subsection (a) . . . is situated on it, and . . . the tract does not exceed [fifteen acres]."

App. at 140, 258 N.E.2d at 882. The educational exemption is available to taxpayers who provide instruction and training equivalent to that provided by tax supported institutions of higher learning and public schools because to the extent such offerings are utilized, the state is relieved of its financial obligation to furnish such instruction. *Id.* at 140, 258 N.E.2d at 881–82. In *Sport Club,* the court denied the exemption because "any educational benefits derived from [the soccer club's and athletic club's] operations [were] merely incidental" to the social and recreational activities that were the predominant uses to which the clubs were put. *Id.* at 140, 258 N.E.2d at 882.

Indiana law requires NAME to affirmatively show how its activities provide educational training that would otherwise be furnished by tax supported schools to be entitled to an educational exemption from taxation. Publishing a magazine and newsletter as well as organizing and supporting houseparties and local clubs are the focus of NAME's activities and efforts. Any educational training provided through NAME's museum, library, workshops, local clubs, and houseparties are merely incidental to its recreational and hobby activities. *See Fort Wayne Sport Club,* 147 Ind.App. at 140–41, 258 N.E.2d at 882 (holding record insufficient to establish educational purpose where athletic activities were dominant purpose of the property). To meet its burden, NAME would have needed to demonstrate how its activities educated the public on art, history, nature, science, or other subjects of instruction furnished by tax supported schools. Merely showing, as NAME has done, that information and instruction with respect to miniatures are available to the public is not sufficient to qualify for an educational exemption.

## CONCLUSION

Given the standard of review set out above with respect to summary judgment, the Court finds there is no genuine issue of material fact and that the State Board is entitled to judgment as a matter of law. Accordingly, NAME's motion for summary judgment is DENIED and summary judgment is GRANTED in favor of the State Board. NAME is not entitled to an exemption from property taxation as a charitable or educational organization under IND. CODE ANN. § 6–1.1–10–16 (1996). The final determination of the State Board is AFFIRMED.