## VINK, TREASURER, v. WORK.

[No. 19,598. Filed May 27, 1902.]

TAXATION.—*Exemption.*—*Charities.*—*Private Institution.*—The fact that a home for the care and education of orphan and homeless children, maintained by contributions from the counties and townships of the State, and by private donations, is conducted on private account, and the earnings applied to the personal benefit of the individual proprietor, does not deprive the owner of the right of exemption of the property from taxation as provided for in §8412 Burns 1901.

From Marshall Circuit Court; *A. C. Capron,* Judge.

Suit by Julia E. Work against Charles C. Vink, treasurer of Marshall county, to enjoin the collection of taxes on certain property claimed by plaintiff as exempt from taxation. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. C. Martindale* and *S. N. Stephens,* for appellant.
*S. Parker,* for appellee.

DOWLING, C. J.—This was a proceeding by the appellee against the appellant, the treasurer of Marshall county, to enjoin the collection of certain taxes alleged to have been assessed against the property of the appellee without authority of law. The complaint was in two paragraphs. A demurrer to each was overruled. The court made a special finding of the facts, and stated its conclusions of law thereon, to each of which conclusions the appellant excepted. Motion for a new trial overruled, and judgment for appellee on the conclusions of law. By his assignment of errors the appellant questions the correctness of the several rulings of the court adverse to him.

Vink *v.* Work.

The facts set out in the first paragraph of the complaint were these: The appellee was the owner of a tract of land in Marshall county, Indiana, which was particularly described, containing less than forty acres. She owned said land prior to April 1, 1899, and within six months preceding that date she constructed buildings thereon, and equipped the same as and for a home and school for orphan and indigent children. From and after February 17, 1899, said real estate, with all the improvements and personal property thereon, constituted an institution for the care and education of orphan and homeless children, for whom trained and competent nurses and teachers were there provided by appellee. The compensation of appellee for keeping and educating the said children and defraying the expenses of the said institution was obtained from municipalities and from charitable bodies or persons upon whom the duty of maintaining the poor was imposed by law or who had voluntarily assumed the responsibility of caring for those admitted to the said school. Appellee was the sole owner of the said property and institution, and had the exclusive management and control thereof. The said property was assessed for taxation in Center township, in said county, for the year 1899, upon a valuation of said land at $450, upon the said improvements at $750, and upon said personal property at $340. This assessment was placed upon the tax duplicates of the county by the auditor, and returned by him to the appellant, the treasurer of said county, who has the same, and threatens to collect the taxes so assessed against said property to the amount of $19.23, and who will do so unless restrained by the court. Appellee has paid all taxes lawfully assessed against her for which she or her property is liable. Prayer for a perpetual injunction.

The second paragraph differs but slightly from the first. It describes the property as a home and charitable institution for orphan, homeless, and indigent children, maintained there by public and private charity. Exemption of the said

property from taxation was asserted by appellee upon the ground that the buildings, real estate, and personal property described in the complaint were set apart for educational and charitable purposes by her.

The Constitution requires the General Assembly to prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be especially exempted by law. Constitution, Art. 10, §1. In pursuance of the authority conferred upon it by this provision, the General Assembly enacted that: "The following property shall be exempt from taxation: * * * *Fifth.* Every building used and set apart for educational, * * * or charitable purposes by any * * * individual * * *, and the tract of land on which such building is situated; also the lands purchased with the *bona fide* intention of erecting buildings for such use thereon, not exceeding forty acres; also the personal property, endowment funds and interest thereon, belonging to any institution, * * * and connected with, used or set apart for any of the purposes aforesaid." Acts 1891, p. 199, §8412 Burns 1901. The complaint alleges that the property, real and personal, described therein, has been set apart and is used exclusively by its owner for educational and charitable purposes.

The training of the orphan, indigent, and afflicted inmates of the institution in the arts of agriculture and housekeeping and in manual labor is as truly educational in its nature, and important in its objects, as is the cultivation of their minds by literary and scientific studies. The fact that the school or home is maintained by contributions from the counties and townships of the State and by private donations does not render it any the less a charitable institution than if it was supported entirely by the bounty of the appellee. Neither does the circumstance that the maintenance of the school or

home is a private enterprise, and that compensation is made to the appellee for keeping, caring for, teaching, and maintaining the indigent and homeless orphans who are placed in her charge, deprive the appellee of the right to exemption from taxation as provided for in §8412 Burns 1901. It will be observed that the act applies to individuals as well as to private and public corporations, and that the only conditions are that the property shall be used and set apart for educational or charitable purposes.

It was held in *City of Indianapolis* v. *Sturdevant,* 24 Ind. 391, 394, that the fact that the institution was conducted on private account, and the earnings applied to the personal benefit of the individual proprietor, did not deprive property erected for the use of any literary or scientific institution of the benefit of the exemption secured to such property by the statute. The reasoning in the earlier cases of *Orr* v. *Baker,* 4 Ind. 86, and *Common Council* v. *McLean,* 8 Ind. 328, was declared inapplicable to the facts shown by the complaint in the Sturdevant case, or, if supposed to be pertinent, it was disapproved. In *Travelers Ins. Co.* v. *Kent,* 151 Ind. 349, 355, the Sturdevant case is distinguished and approved. See, also, *Massachusetts Soc.* v. *City of Boston,* 142 Mass. 24, 6 N. E. 840; *Appeal Tax Ct.* v. *Academy,* 50 Md. 437, 442; *Bartlet* v. *King,* 12 Mass. *537, 7 Am. Dec. 99; *Going* v. *Emery,* 16 Pick. (Mass.) 107, 26 Am. Dec. 645; *Association* v. *Mayor, etc.,* 104 N. Y. 581, 12 N. E. 279; *Western Dispensary* v. *Mayor, etc.,* 4 N. Y. Supp. 547; *Infant Asylum* v. *Supervisors,* 31 Hun 116.

Nor do we think the complaint subject to the objection that the home or school is an enterprise of a temporary character. On the contrary, the averments in regard to the real estate, the nature and arrangement of the buildings, and the purposes of the institution indicate that it is intended to be a permanent establishment.

Each paragraph of the complaint stated facts sufficient to show that the property of the appellee was exempt from taxation.

The views of the law already expressed are decisive of the questions presented upon the exceptions to the conclusions of law on the special finding and the motion for a new trial. The facts found authorized the conclusions, and the evidence sustained the finding.

There is no error in the record. Judgment affirmed.