STATE BOARD OF TAX COMMISSIONERS *v.* PROFESSIONAL PHOTOGRAPHERS OF AMERICA, INC.

[No. 870A143. Filed April 20, 1971. Rehearing denied May 21, 1971. Transfer denied May 1, 1972.]

*Theodore L. Sendak,* Attorney General, *Scott Tower Miller, Joseph S. Van Bokkelen,* Deputies Attorney General, for appellant.

*Sidney C. Kleinman, Kleinman and Silverman, Ltd.,* of Chicago, Illinois, *Sidney Mishkin, Bamberger & Feibleman,* of Indianapolis, for appellee.

SHARP, J.—This case was brought by the Plaintiff-Appellee, Professional Photographers of America, Inc., a not-for-profit corporation, to reverse a determination by the State Board of Tax Commissioners which denied Appellee any exemption for real or personal property taxes for the year 1965. The trial court reversed the decision of the State Board of Tax Commissioners and ordered the Board to grant the exemption. The Appellant filed its Motion for a New Trial which was overruled and that is the sole assignment of error here.

Pursuant to Article X, Section I, of the Constitution of the State of Indiana, our General Assembly enacted by Acts 1919, Ch. 59, § 5, I.C. 1971, 6-1-1-2, as found in Burns' Indiana Statutes Annotated § 64-201, Sections 4 and 5 (1961), which reads as follows:

> "Fourth. The personal property and real estate of every manual labor school or of any technical high school, *trade school* or college incorporated within this state when used and actually occupied for the purpose for which such institution was incorporated; such real estate not to exceed eight hundred (800) acres in any one (1) county of this state.
>
> Fifth. Every building, or part thereof, used and set apart for *educational* [,] literary, *scientific,* religious or charitable purposes by any institution or by any individual or individuals, association or corporation, provided the same is owned and actually occupied by the institution, individual, association or corporation using it for such purpose or pur-

poses, and every building owned and occupied, used and set apart, for *educational,* literary, *scientific,* fraternal or charitable purposes by any town, township, city or county, and the tract of land on which such building is situate, including the campus and athletic grounds of any *educational* institution not exceeding fifty (50) acres; also the lands purchased with the bona fide intention of erecting buildings for such use thereon, not exceeding forty (40) acres; also the personal property, endowment funds, and interest thereon, belonging to any such institution or any town, township, city or county and connected with, used or set apart for any of the purposes aforesaid." [Emphasis supplied]

The basic guide for our consideration of this appeal was set forth by this court in *State Board of Tax Commissioners* v. *Wright* (1966), 139 Ind. App. 370, 382, 215 N. E. 2d 57, where we state:

"It is our duty to accept the ultimate facts stated by the trial court if there is evidence to sustain them. Miller, etc. v. Ortman, etc., et al. (1956), 235 Ind. 641, 665, 136 N. E. 2d 17.

'* * * All intendments and presumptions are taken in favor of the findings rather than against them.' Jones et al. v. Greiger, Trustee etc. et al. (1960), 130 Ind. App. 526, 533, 166 N. E. 2d 868.

The trial court's finding as to arbitrary and capricious action and in all other respects is supported by the evidence, is not contrary to law and thus is binding on this court."

We must examine the factual record in this case with all inferences most favorable to the decision of of the trial court.

The Appellee, Professional Photographers of America, Inc., is a not-for-profit corporation incorporated and existing under the laws of the State of Delaware which has been duly qualified to do business in the State of Indiana. As a part of its articles of incorporation among its purposes were:

"To organize, conduct one or more schools, universities, colleges, institutes or other educational establishments for instruction in the art of photography, and the business of operating portrait, commercial and other types of studies,

and to confer any and all lawful and proper degrees in connection with the conduct of said educational establishments."

In connection with its program the Appellee operates the Winona School and maintains certain real estate and personal property at Winona Lake in Koscuisko County, Indiana. The Winona School has been operated continuously since 1922, and an exemption in regard to its real estate and personal property taxes has been granted without exception between the years 1922 and 1964.

The Winona School is open for students commencing early in June and ending on Labor Day of each year. The real estate and personal property at Winona Lake is used for no other purpose. The students, averaging more than 800 each year, come from various parts of the country to study various phases of professional photography in courses including basic professional photography, illustrative photography, legal-forensic photography, print finishing, print presentation, coloring of photographs, basic portraiture and other courses. One of the suggested requirements for enrollment in the Winona School is one year experience in the professional photographic field, including studio, portrait, commercial or industrial. There are no competing educational or scientific institutions which offers a course of study similar to the Winona School anywhere in the United States. The courses offered at Winona School have a duration generally of one or two weeks. Various manufacturers of photographic equipment such as Eastman Kodak, Berkey Color, Ascor, Photogenic, Deardorff, and others donate their equipment for use at the Winona School during the school year. The value of such equipment donated or lent to Winona School is approximately $500,000.00. Eastman Kodak furnishes sensitized materials and chemicals to Winona School valued in a rough estimate of $10,000.00. Eastman Kodak Company is the only manufacturer who provides technical representatives to Winona School in the area of a sensitized material, film, paper and chemicals. Eastman Kodak provides various technical representatives to teach at Winona School.

Other companies also have representatives who teach there. Most of the instructors are experienced and talented photographers who are members of the Professional Photographers of America. No mention of any specific product or promotion of any specific piece of equipment is permitted during classes. No sales of equipment may be made by any technical representative to any student nor may orders be taken. Generally, the courses commence at approximately 8:30 A.M. in the morning and continue through 10:30 P.M. at night, Monday through Saturday.

The trial court entered findings of fact and conclusions of law as follows:

## "FINDINGS OF FACT

1. Plaintiff is a not-for-profit corporation incorporated and existing under the laws of Delaware and has been duly qualified to do business in Indiana as a foreign corporation.

2. Plaintiff operates and sustains a school for professional photographers at Winona Lake, Koscuisko County, Indiana, where plaintiff conducts short courses, seminars and classes devoted to the study and advancement of the art, science and profession of photography.

3. In connection with the operation of said school, plaintiff owns and maintains at Winona Lake, Kosciusko County, Indiana certain real and personal property which has been described by defendant as follows:

| | |
|---|---|
| Tract Pt. SW 15-32-6 | .38 Acre |
| Tract Pt. SW 15-32-7 | .56 Acre |
| Tract Pt. 32 15-32-6 | .80 Acre |
| Campus Add 50 x 100' | E lots 44 & 45 |
| Various items of personal property | |

4. At all times material to this cause, defendant was and is an administrative agency existing under the laws of Indiana and by said laws is authorized and directed to review and render decisions on applications for exemption from real estate and personal property taxes under the laws of Indiana.

5. On September 20, 1966, defendant rendered a final determination denying plaintiff's application for tax exemption for the aforementioned real estate and personal property in a proceeding then pending before it entitled

'Photographers Association of America and The Photographers Association of America, No. 65-136-114, Koscuisko County.'

6. Pursuant to the applicable statutes plaintiff had given defendant timely notice of its intention to appeal the decision of defendant.

7. The property of the Winona School is used for no other purpose than the operation of the school.

8. The Winona School of Professional Photography, plaintiff's sole activity in Indiana, is an educational and scientific institution, the sole purpose of which is to improve, sharpen and refresh the skills of professional photographers; that is, the skills of those who earn their living from photography and have been doing so for at least one year. In this sense the school is analogous to continuing legal education programs run by some bar associations.

9. The Winona School offers important scientific and educational opportunities not available elsewhere.

10. Plaintiff, Professional Photographers of America, Inc., does not operate The Winona School of Professional Photography in order to make a profit and The Winona School is engaged in an exempt undertaking.

11. 'Proceeds' from the operations of the school, if any, derived from the nature of the operations of the Winona properties of plaintiff are applied solely to the expense of operating the school or the maintenance of its scientific and educational activities.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter hereof.

2. The decision of defendant denying the exemption adversely affect the legal rights and privileges of plaintiff.

3. Plaintiff is entitled to judicial review of the decision of the State Board of Tax Commissioners denying its exemption, and this cause is a trial de novo.

4. Plaintiff had exhausted all required and available administrative remedies before seeking judicial review.

5. The operations of the Winona School of Professional Photography are scientific and educational in nature and the school and its properties are entitled to exemption under the

Acts of 1919, Ch. 59, § 5, as found in Burns Ind. Stat. Ann. (1967 Supp.), § 64-201, Part Fifth.

6. The exemptions granted under the various categories of the Acts of 1919, Ch. 59, § 5 as found in Burns Ind. Stat. Ann. (1967 Supp.), § 64-201, are not mutually exclusive.

7. As a further conclusion of law The Winona School is within the definition of a trade school and plaintiff's properties are entitled to an exemption under the Acts of 1919, Ch. 59, § 5, as found in Burns Ind. Stat. Ann. (1967 Supp.), § 64-201, Part Fourth, although plaintiff is incorporated under the not-for-profit statutes of the State of Delaware. There is a total lack of Indiana case authority indicating an intention to limit exemptions to not-for-profit corporations organized within the state, and the Acts of 1935, Ch. 157, § 28, and 1947, Ch. 26, § 2 as found in Burns Ind. Stat. Ann. (1961), § 25-534 indicate the policy of the State of Indiana to be that foreign not-for-profit corporations are to be granted the same exemptions as domestic not-for-profit corporations.

8. The interpretation given the statutes by the State Board of Tax Commissioners in denying the exemptions under the Acts of 1919, Ch. 59, § 5, as found in Burns Ind. Stat. Ann. (1967 Supp.), § 64-201, Parts Fourth and Fifth was so literal and narrow as to defeat its purposes; it was arbitrary and legally incorrect.

## JUDGMENT AND DECREE

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the final determination of the State Board of Tax Commissioners regarding the assessment of taxation against plaintiff's real and personal property is vacated, set aside and adjudged null and void pursuant to the findings contained herein.

IT IS FURTHER ORDERED, that the matter of plaintiff's application for tax exemption be and is hereby remanded to the State Board of Tax Commissioners for further proceedings in accordance with the law entitling plaintiff to the exemptions from taxation on its real and personal property."

(Although referred to by the trial court as an illustration, we do not here decide whether any continuing legal education program is exempt. Because of our decision here, we also will reserve the question as to "trade school" for a later case.)

The Appellant contends that taking all the evidence most favorable to the Appellee, the trial court erred as a matter of law in its decision granting this exemption. With this we cannot agree.

This case basically presents a factual dispute over the word "educational" as used in the tax exemption statute.

The most recent opinion by this court interpreting the word "educational" in the above quoted statute is *Indiana State Board of Tax Commissioners* v. *International Business College* (1969), 145 Ind. App. 353, 251 N. E. 2d 39. In that case at 251 N. E. 2d page 43, Judge Sullivan, speaking for Division One of this court, stated:

> "We are not unmindful of the policy considerations which have prompted many jurisdictions to alter the application of tax exemption statutes by construing them more stringently in favor of the taxing authority. As a matter of fact, it has long been held by our Supreme Court and by this court that statutes exempting property from taxation are not favored and are therefore strictly construed. City of Indianapolis v. Grand Master, etc., of Grand Lodge (1865), 25 Ind. 518; Oak Hill Cemetery Co. v. Wells (1906), 38 Ind. App. 479, 78 N. E. 350. Our recent opinions in State Board of Tax Commissioners v. Trustee of Adoniram Lodge (Sept. 17, 1969), Ind. App., 250 N. E. 2d 605; State Board of Tax Commissioners v. Warner Press, Inc. (1969), Ind. App., 248 N. E. 2d 405; and, State Board of Tax Commissioners v. Methodist Home for Aged (1968), Ind. App., 241 N. E. 2d 84, did not nor do we now reflect unfavorably upon the rationale contained in cases which for policy reasons appear to restrict severly the scope of tax exemptions. We hold only that if such policy is to be implemented in the State of Indiana so as to exclude corporations for profit, which otherwise qualify for an exemption, it must be done by the General Assembly. The binding implementation of policy determinations made in a desire to improve or protect the public welfare are the sole and exclusive prerogative of the legislative branch. Freigy v. Gargaro Co., Inc. (1945), 233 Ind. 342, 60 N. E. 2d 288; Doyle et al. v. Clark et al. (1942), 220 Ind. 271, 41 N. E. 2d 949.

We cannot better state the rationale of our holding here than to quote from the opinion in National College of Bus-

iness v. Pennington County (1966), 82 S. D. 391, 146 N. W. 2d 731:

> 'It is a matter of common knowledge that many of the subjects and much of the training provided by plaintiff is also provided in our tax supported institutions of ██ higher learning and in some instances in our public high schools. To the extent that plaintiff's facilities are availed of the state is relieved of its financial obligation to furnish such instruction. It seems to us that the statutory exemption from taxation provided for * * * is available to those private institutions which provide at least some substantial part of the educational training which would otherwise be furnished by our tax supported schools. [citations omitted] Accordingly, we hold that plaintiff is an educational institution within the meaning of our exemption statute.

> * * *

> '* * * [u]nder our statute, after it is determined that the institution involved is educational in character there is no room for further construction in this regard. Our legislature has taken care of the matter by directing that the exemption is available to 'any' educational institution. It did not see fit to add any limitations or qualifications on the availability of the exemption. Since there is no ambiguity in the language used there is no occasion for construction. [citation omitted]"

It must first be emphasized that the main thrust of the *International Business College* case centered around the operation of said Business College by a profit corporation. That issue is not present here since the Appellee is admittedly a not-for-profit corporation. However, this court did lay down some guidelines which are generally helpful in this case. In particular, the quotation cited from *National College of Business v. Pennington County* relates to the parallel courses offered in private schools and in public schools. The suggestion in the *National College of Business* v. *Pennington County* case is certainly one item that the trier of fact should consider in determining the exemption state of an alleged educational institution. It is certainly not the only factor. It is clear that the courses offered at the Winona School are of a type and

quality which are not readily available in Indiana or in other parts of the country and therefore do, to some limited extent, relieve the State of some of its tax burdens by providing such courses. For example, courses are regularly taught in "photography and law enforcement", which courses have been regularly attended by law enforcement officials in the State of Indiana. Indiana residents have regularly attended the courses given at Winona School since there are no comparable facilities in the State of Indiana. This court knows judicially that the curricula of public high schools and colleges in the State of Indiana is constantly expanding and does include courses related to the field of photography. In this context we are not inclined to make a fixed and frozen definition of "educational". In examining the factual record in this case in comparison with that in the *International Business College* case, we cannot say as a matter of law, that under all the circumstances here, the trial court was in error in finding that the Appellee was entitled to said exemption.

In *Indianapolis Elks Bldg. Corp.* v. *State Board of Tax Commissioners* (1969), 145 Ind. App. 522, 251 N. E. 2d 673, 679, we stated:

> "It is most definitely established that the words 'educational, literary, scientific, religious or charitable purposes' as used in § 64-201, supra, are to be defined and understood in their broad constitutional sense. State Board of Tax Commissioners v. Methodist Home for Aged (1968), 143 Ind. App. 419, 241 N. E. 2d 84 (Transfer denied)."

This case may be near the outer limits of the scope of "educational" exemption as set forth in the statute. The facts in this case are, however, within the scope of the "educational" exemption as set forth in this court in *International Business College* case and in the statute itself. We cannot say that the trial court erred in its determination that the Appellee is entitled to the educational exemption. The trial judge in this case is an able and experienced member of the trial

judiciary and we will not presume to substitute our factual determination for his.

Finding no reversible error, the decision of the trial court in this case should be and hereby is affirmed.

Hoffman, C.J., Staton, J., concur; White, J., not participating.

NOTE.—Reported in 268 N. E. 2d 617.