TRINITY SCHOOL OF NATURAL HEALTH, INC., Petitioner,

v.

KOSCIUSKO COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Respondent.

No. 49T10–0203–TA–36.

Tax Court of Indiana.

Dec. 11, 2003.

neighborhood. (*See* Oral Argument Tr. at 3);   (*See also* Cert. Admin. R. at 73.)

William W. Barrett, Williams Hewitt & Robbins, LLP, Greenwood, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Petitioner, Trinity School of Natural Health, Inc. (Trinity), appeals the final determination of the Indiana Board of Tax Review (Indiana Board) denying its application for a property tax exemption for the 1998 tax year. The issue is whether Trinity is entitled to the "educational purposes" exemption as provided by Indiana Code § 6–1.1–10–16.[1]

For the reasons stated below, the Court finds that Trinity is entitled to the exemption and REVERSES and REMANDS the final determination of the Indiana Board.

## FACTS AND PROCEDURAL HISTORY

Trinity is a correspondence school that offers courses in "natural health for per-

---

1. "All or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for educational, literary, scientific, religious, or charitable purposes." IND.CODE § 6–1.1–10–16(a).

sonal enrichment and self-improvement." (Pet'r Br. at 2–3.) Trinity owns two parcels of real property in Kosciusko County, Indiana. The first parcel is located in Warsaw, Indiana. It contains an office where staff members receive and grade tests, mail course work, answer phones, enroll students, and perform other administrative tasks. The second parcel is located in Winona Lake, Indiana. It contains an improvement that is used as both the office and primary residence of Dr. George de la Torre, the Hispanic Director of the school.

On May 14, 1998, Trinity filed an application for the educational purposes exemption on both parcels with the Kosciusko Property Tax Assessment Board of Appeals (PTABOA). On January 11, 1999, after an administrative hearing, the PTABOA denied the application for both parcels. On February 8, 1999, Trinity filed a Form 132 Petition for Review of Exemption with the State Board of Tax Commissioners (State Board). On June 23, 1999, the State Board held a hearing on Trinity's petition. On February 5, 2002, the Indiana Board[2] affirmed the PTABOA's determination.

On March 22, 2002, Trinity filed an original tax appeal. The parties submitted briefs and this Court heard oral arguments. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board

when it acts within the scope of its authority. *Miller Vill. Prop. Co., LLP v. Indiana Bd. of Tax Review,* 779 N.E.2d 986, 988 (Ind. Tax Ct.2002), *review denied.* Consequently, the Court may reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–3–5–14.8(e)(1)–(5).

## Discussion

■ To qualify for the educational purposes exemption, a taxpayer must demonstrate that the predominant use of its property is educational. *See State Bd. of Tax Comm'rs v. New Castle Lodge # 147, Loyal Order of Moose, Inc.,* 765 N.E.2d 1257, 1259 (Ind.2002). Trinity argues that because its sole purpose is to teach courses in science, health, and nature, the predominant use of its property is educational. (*See* Pet'r Br. at 9.) Trinity is correct.

■ The educational purposes exemption will be denied when "educational

---

**2.** On December 31, 2001, the legislature abolished the State Board of Tax Commissioners (State Board). 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Indiana Board of Tax Review (Indiana Board) as "successor" to the State Board. IND.CODE §§ 6–1.5–1–3; 6–1.5–4–1; 2001 Ind. Acts 198 § 95. Consequently, when the final determination was issued on Trinity's appeal in February 2002, it was issued by the Indiana Board.

training ... [is] merely incidental to [] recreational and hobby activities." *Nat'l Ass'n of Miniature Enthusiasts v. State Bd. of Tax Comm'rs,* 671 N.E.2d 218, 222 (Ind. Tax Ct.1996) ("NAME").[3] In *State Board of Tax Commissioners v. Fort Wayne Sport Club, Inc.,* 147 Ind.App. 129, 258 N.E.2d 874 (1970), Indiana's Court of Appeals rejected the educational purposes exemption for a club that taught soccer classes and conducted recreational soccer leagues.[4] *Id.* at 882. The Court found that, "at most[,] the educational phase of [the Sports Club's] activities is incidental and collateral to the social, recreative, promotional and propaganda phases which constitute its major reasons for existence." *Id.* (quoting *Hazen v. Nat'l Rifle Ass'n of America,* 101 F.2d 432, 436, (1938)).

■ This Court considers the public benefits that accrue from a property's use a method of determining whether a property's predominant use is educational. In other words, those taxpayers who predominantly use their property to provide instruction and training equivalent to that provided by tax-supported institutions of higher learning and public schools will qualify for the exemption because they provide a benefit to the public by relieving the state of its obligation to provide such instruction. *See NAME,* 671 N.E.2d at 222. In this case, the PTABOA argues

there is no evidence that the programs offered by Trinity are comparable to, or replace, those offered by Indiana's tax-supported schools. (Resp't Br. at 9.) However, the PTABOA misinterprets *NAME* to mean that a taxpayer *must* teach classes taught in tax-supported schools in order to receive the exemption.

In 1971, Indiana's Court of Appeals granted the educational purposes exemption to a photography school. *See State Bd. of Tax Comm'rs v. Prof'l Photographers of Am.,* 148 Ind.App. 601, 268 N.E.2d 617, 623 (1971). In doing so, the Court of Appeals stated:

[i]t is clear that the courses offered at the [photography s]chool are of a type and quality which are not readily available in Indiana or in other parts of the country and therefore do, *to some limited extent,* relieve the State of some of its ... burdens by providing such courses.... Indiana residents have regularly attended the courses given at [the photography school] since there are no comparable facilities in the State[.] This [C]ourt knows judicially that the curricula of public high schools and colleges ... is constantly expanding and does include courses *related* to the field of photography.

*Id.* at 623 (emphases added) (internal citation omitted). The PTABOA's interpreta-

---

3. In *National Association of Miniature Enthusiasts v. State Board of Tax Commissioners,* this Court found that the Miniature Enthusiast's educational purposes were merely incidental to its other activities of publishing a magazine and newsletter, operating a museum and library devoted to miniatures, and organizing house parties and local clubs. *Nat'l Ass'n of Miniature Enthusiasts v. State Bd. of Tax Comm'rs,* 671 N.E.2d 218, 222 (Ind. Tax Ct.1996) ("NAME").

4. The Court's justification was that "[w]e fail to detect that the requisite dominant purpose of the ... property ... is educational.... [T]he dominant uses ... are social and privately recreational." *State Bd. of Tax Comm'rs v. Ft. Wayne Sport Club, Inc.,* 147 Ind.App. 129, 258 N.E.2d 874, 882 (1970). The Court noted that the taxpayer's exemption petition stated that its premises were used for athletic activities, membership meetings, and dances. *Id.*

tion of "relieving the State's educational burden" is inconsistent with this standard.

■ Under *Professional Photographers*, the present benefits test can be met by providing courses found in tax-supported schools,[5] or by providing courses that are related to those found in tax-supported public schools, but not necessarily provided. *See id.* Indeed, taxpayers that fill an educational void can relieve the State's burden by adding a new course of study as much as they can by providing a program that is a direct analogue to classes taught in Indiana's tax-supported schools and universities.[6] Thus, Trinity need not teach an exact coordinate class found in Indiana's tax-supported schools.

■ Furthermore, under *Professional Photographers*, a taxpayer need only relieve the State's burden *"to some limited extent"* with programs and courses merely *"related"* to those found in tax-supported schools. *Id.* As the Court of Appeals recognized, Indiana does not have a "fixed and frozen definition" of education. *See id.*

In this case, courses in natural health and wellness are *related* to other science and health classes taught in tax-supported schools. *See id.* Because Trinity offers a unique program of study not readily available in tax-supported schools, this "to some limited extent," relieves the State's burden.[7] *See id.*

Trinity's purpose is to educate its students on nature, science, and personal health. If Trinity stopped providing lessons to students or grading tests, the program would not exist. As a result, Trinity's educational use of the property is predominant, and not "merely incidental."[8] These courses provide a public benefit by filling an educational void as articulated in *Professional Photographers*. Therefore, Trinity's application for an educational purposes exemption was erroneously denied.

### CONCLUSION

The Indiana Board's denial of Trinity's exemption petition was an abuse of discre-

---

5. In addition, the PTABOA argues the exemption must be denied because "there is no probative evidence that Trinity's program has relieved tax supported schools from the financial burden of providing such classes." (Resp't Br. at 10.) However, an economic *quid pro quo* requirement is not found in the statute or the cases interpreting the statute—there is no "dollar-for-dollar" test.

6. The PTABOA attempts to distinguish the *Professional Photographers* holding because the Court noted that the school provided courses in "photography and the law" that were attended by law enforcement officers, whereas Trinity has provided no evidence that its courses are attended by public sanitarians. (*See* Resp't Br. at 12); *see also State Bd. of Tax Comm'rs v. Prof'l Photographers of Am.*, 148 Ind.App. 601, 268 N.E.2d 617, 623 (1971). The Court of Appeals used the "Photography and the Law" course as an *example* of the public benefits conferred by the school, but not the only public benefit conferred. *Id.* If Trinity offered courses attended by public health officials, the calculus of public benefits

would not change. Ultimately, it is the relief of the State's burden that is the public benefit in question, not who takes the courses.

7. The PTABOA also contends that Trinity's "lack of meaningful accreditation [is] evidence that the program does not . . . relieve the [State's] . . . burden to provide public education." (Resp't Br. at 10.) Accreditation is not a qualification test for the exemption.

8. Counsel for the Respondent proposed during oral argument that because the Winona Lake property also serves as Dr. de la Torre's residence, its predominant use is not educational, and therefore it does not qualify for the exemption. (*See* Oral Argument Tr. at 14–17.) However, because the record does not indicate that the educational use of Dr. de la Torre's office was "merely incidental," the fact that Dr. de la Torre lives at the Winona Lake property does not disqualify it for the exemption.

tion and otherwise not in accordance with law. Thus, for the foregoing reasons, the Indiana Board's final determination is RE-VERSED and REMANDED with instructions to grant the exemption.