ATTORNEYS FOR APPELLANT
Stephen Carter
Attorney General of Indiana

John Snethen
Deputy Attorney General

Andrew W. Swain
Section Chief, Tax Section
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Jeffrey T. Bennett
Bradley D. Hasler
Indianapolis, Indiana

In the

Indiana Supreme Court

No. 49S10-0609-TA-336

DEPARTMENT OF LOCAL GOVERNMENT
FINANCE,

*Appellant (Respondent below),*

v.

ROLLER SKATING RINK OPERATORS
ASSOCIATION D/B/A ROLLER SKATING
ASSOCIATION,

*Appellee (Petitioner below).*

Appeal from the Indiana Tax Court, No. 49T10-0108-TA-76
The Honorable Thomas G. Fisher, Judge

On Petition for Review

**September 22, 2006**

**Boehm, Justice.**

We hold that programs of a trade association directed to the development of the private businesses of its members, though "educational" in some sense, do not qualify for property tax exemption as educational activities.

**Facts and Procedural History**

Roller Skating Rink Operators Association ("RSA") is a nonprofit corporation that operates Roller Skating University ("RSU"), which provides classes to roller skating rink operators and owners. RSA sought an educational purpose exemption for its office building and storage building for tax year 2000. The exemption application stated that RSA's purpose is to "inform, educate and foster the professional development of [its] members (roller skating rink owners and coaches)."

At the hearing before the State Board, RSA presented evidence that at RSA's annual convention and trade show RSU presents a day long program consisting of two of the thirteen "modules" RSU has designed to provide professional development education to roller rink owners and operators. The programs are presented at various places, and the exemption is claimed on the ground that the materials for the programs are developed and stored in the two buildings in question. The RSU curriculum includes study of hospitality, merchandising, customer service, personnel management, event planning and promotion, contracts and negotiations, risk management and legal issues, budgeting and finance, and advertising. RSU was developed with the assistance of professors in recreational management at Mount Clare State University in New Jersey and the University of Wisconsin-LaCrosse. Participants receive a certificate for completion of each module and a diploma upon completion of all thirteen modules. They can receive continuing education credits at the University of Wisconsin.

Robin Brown, RSA's Executive Director, testified that RSA's primary purpose is to provide education to its members. A separate organization, USA Roller Skating, provides social and recreational activities for skaters. RSA's "Mission Statement" states that RSA is "a trade association that serves skating center owner/operators . . . [and that] seeks to inform, educate and foster the professional development of its members, create opportunities for networking and promote roller-skating as a lifetime sport and safe recreational activity." In addition to RSU, RSA conducts less formal seminars at its annual convention on topics such as estate planning, marketing, cultural diversity, and facility maintenance and security. RSA also provides clinics for rink operators and coaches during a fall trade show. Brown testified that RSU is not

accredited, but in her view the recreational management and business education offered through RSU is equivalent to that offered at Indiana's state universities and colleges.

The Marion County Property Tax Assessment Board of Appeals ("PTABOA") denied the exemption. RSA appealed to the State Board of Tax Commissioners which upheld PTABOA's denial, concluding that the primary purpose of RSA is to promote the businesses of the rink owners and operators and that any educational training is "merely incidental" to the promotional activities of the organization. The Tax Court reversed in an unpublished decision, concluding that RSA's property was predominantly used for educational purposes and that RSA's use of the property was reasonably necessary to further its purpose of providing education.

## I. Challenge to Timeliness of Filing of Petition

The Department of Local Government Finance ("DLGF")[1] argues that RSA failed to file a timely petition in the Tax Court and that this failure deprived the Tax Court of subject matter jurisdiction. The parties dispute when RSA was required to file its petition and also disagree about whether the timing of filing of an appeal in the Tax Court implicates subject matter jurisdiction or jurisdiction over the particular case.

This issue is raised for the first time in DLGF's petition for review by this Court. In Packard v. Shoopman, 852 N.E.2d 927 (Ind. 2006), we held that an objection based on a petitioner's failure to file a timely petition in the Tax Court is waived if not raised in the Tax Court in the first response to the petition. In Shoopman the late filing was raised by the party in the Tax Court some two years after the case had been pending in the Tax Court. In this case DLGF raised no objection to timeliness in the Tax Court. Failure to raise the issue altogether is, of course, a greater procedural default than raising it belatedly. Accordingly, DLGF waived its objection to timeliness by failing to raise the objection in the Tax Court.

## II. Property Exempt from Taxation for Educational Purposes

Article X, Section 1 of the Indiana Constitution requires a "uniform and equal rate of property assessment and taxation" for all real and personal property in Indiana but permits the

---

[1] Effective January 1, 2002, the State Board was replaced by the DLGF. The DLGF was substituted for the State Board in this appeal.

General Assembly to exempt property used for "municipal, educational, literary, scientific, religious or charitable purposes." Pursuant to this constitutional authority, the legislature enacted Indiana Code section 6-1.1-10-16(a), which provides that "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used . . . for educational, literary, scientific, religious, or charitable purposes." This exemption also extends to land on which the exempt building is situated and to personal property that is contained within the building. See Ind. Code § 6-1.1-10-16(c), (e) (2004).

The Tax Court owes deference to the State Board and may reverse a final determination of the State Board only when the State Board's decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, is contrary to a constitutional right, power, privilege, or immunity, or exceeds statutory authority. See I.C. §§ 33-26-6-4(d), 33-26-6-6(e). After noting this standard, the Tax Court disagreed with the State Board's conclusion that RSA's property was taxable and directed the Indiana Board of Tax Review, the successor to the State Board, to instruct local assessors to grant the exemption. Construction of this constitutional and statutory language presents a question of law, and accordingly our review is de novo. State Bd. of Tax Comm'rs v. Ispat Island, Inc., 784 N.E.2d 477, 480 (Ind. 2003). We conclude that the Tax Court's view of the scope of the educational exemption is too expansive.

Property tax exemptions are strictly construed because an "exemption releases property from the obligation of bearing its share of the cost of government and serves to disturb the equality and distribution of the common burden of government upon all property." St. Mary's Med. Ctr. of Evansville, Inc. v. State of Ind. Bd. of Tax Comm'rs, 534 N.E.2d 277, 280 (Ind. Tax Ct. 1989). In other words, exempting one piece of property shifts the tax burden to the other properties in the same taxing unit. The purpose of the educational exemption granted in Article X, Section 1 and Indiana Code section 6-1.1-10-16 is to encourage non-governmental entities to provide educational services for "the public welfare." See Travelers' Ins. Co. v. Kent, 151 Ind. 349, 352, 50 N.E. 562, 563 (1898). Because exemption relieves property owners of their share of the cost of government services, applicants for the educational exemption must show that their use of their property provides some public benefit. State Bd. of Tax Comm'rs v. Ft. Wayne Sports Club, Inc., 147 Ind. App. 129, 140, 258 N.E.2d 874, 881 (1970). If a property owner's

4

use of property does not serve the public good, the property is taxable. <u>Travelers'</u>, 151 Ind. at 353, 50 N.E. at 564.

Indiana Code section 6-1.1-10-16 provides exemption if property is "owned, occupied, and used" for an "educational purpose." In order to qualify for an exemption under this section, a taxpayer must show an "educational purpose" that confers a public benefit justifying the loss in tax revenue. As the Court of Appeals held in <u>Ft. Wayne Sports Club</u>, in its broadest sense, "education" comprehends "the acquisition of all knowledge tending to develop and train the individual." 147 Ind. App. at 139-40, 258 N.E.2d at 881. (citing <u>In re Petty</u>, 41 N.W.2d 672, 675 (Iowa 1950)). Because education can occur anywhere, "a more restrictive definition of 'educational purposes,' as concerns tax exemptions" is required, and "a showing of some public benefit" is necessary to qualify for the exemption. <u>Id.</u>

The Court of Appeals has concluded that the exemption is available "to those private institutions which provide at least some substantial part of the educational training which would otherwise be furnished by our tax supported schools." <u>State Bd. of Tax Comm'rs v. Int'l Bus. College, Inc.</u>, 145 Ind. App. 353, 361, 251 N.E.2d 39, 43 (1969) (quoting <u>Nat'l Colls. of Bus. v. Pennington County</u>, 146 N.W.2d 731, 735 (S.D. 1966)). Subsequent decisions in the Tax Court and Court of Appeals reiterated the requirement that the taxpayer provide the public with educational training "which would otherwise be furnished by our tax supported schools." <u>See</u> <u>Ft. Wayne Sports Club</u>, 258 N.E.2d at 881 (not educational because property primarily used for recreational purposes); <u>State Bd. of Tax Comm'rs v. Prof'l Photographers of Am., Inc.</u>, 148 Ind. App. 601, 609, 268 N.E.2d 617, 622 (1971) (educational where photography school students from around the country attended regular classes); <u>Nat'l Ass'n of Miniature Enthusiasts v. State Bd. of Tax Comm'rs</u>, 671 N.E.2d 218, 221 (Ind. Tax Ct. 1996) (not educational because organization's materials describing collectibles were available to the public but did not educate the public).

More recently, the Tax Court held that a taxpayer is entitled to exemption if the taxpayer provides courses that are related to those found in tax-supported public schools but not necessarily provided by tax-supported public schools. <u>See</u> <u>Trinity Sch. of Natural Health v. Kosciusko County Prop. Tax Assessment Bd. of Appeals</u>, 799 N.E.2d 1234, 1238 (Ind. Tax Ct.

2003); <u>Richmond Gymnastics Training Ctr. v. Dep't of Local Gov't Fin.</u>, No. 49T10-0112-TA-100, 2003 Ind. Tax LEXIS 114, at *4-5 (Ind. Tax Ct. 2003). In these cases, the Tax Court reasoned that taxpayers who provide courses related to those found in tax-supported schools "fill an educational void," by providing "a new course of study," and thereby relieve the State's burden "as much as they can by providing a program that is a direct analogue to classes taught in Indiana's tax-supported schools and universities." <u>Trinity</u>, 799 N.E.2d at 1238. The Tax Court has also held that a taxpayer need relieve the State's burden only "to some limited extent." <u>Id.</u> We agree that "educational" programs need not be the same as offerings of public schools and universities. <u>See</u> <u>Int'l Bus. College, Inc.</u>, 145 Ind. App. at 361, 251 N.E.2d at 43. But in each of these earlier cases where an educational purpose was found, the courses (general business, photography, gymnastics training, natural health courses) did not duplicate programs offered in public schools or institutions, but they were offered to the public and did not further the business objectives of the attendees. And the persons attending were not largely or exclusively affiliated with the presenter. In contrast, RSA's offerings are for the benefit of its own members and serve their business purposes.

RSA correctly claims that many of the marketing and business concepts taught at RSU are the same as those that are taught in business courses at tax-supported colleges and business schools. RSA's courses apply these principles to roller rink operation and roller skate coaching. The same could be said of the professional development and training provided by virtually any trade association. Implicit in the requirement that education be the "substantial equivalent" of instruction offered in Indiana's tax-supported institutions is the notion that the education benefits the public, not the presenter. Education that primarily serves the private interests of an organization's members does not warrant public subsidy. It does not meet the "public benefit" test early established in <u>Travelers'</u> and later elaborated in <u>Ft. Wayne Sports Club</u>.

The State Board found:

18. . . . The primary purpose of RSA is to promote the rink owners and operators' businesses, maximize profits, and increase viability of the sport. The evidence did not demonstrate that RSA provided instruction and training 'equivalent to that provided by tax supported institutions of higher learning and schools.'

19. No [] benefit to the public has been demonstrated in this case.

6

20.  [T]o the extent any educational training is provided through RSA's activities, it is merely incidental to the promotional activities of the organization.

Based on the evidence presented at the hearing before the State Board, we conclude that the State Board's conclusions that educational training is "merely incidental" to RSA's promotional activities and does not confer a public benefit are supported by substantial evidence. Accordingly we will not disturb them on appeal.

### Conclusion

The judgment of the Tax Court is reversed.  The decision of the State Board denying an educational purpose exemption under Indiana Code section 6-1.1-10-16 is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.